IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 17-264 |
| | ) | |
| ISERVE TECHNOLOGIES, INC. | ) | |

## INFORMATION MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Soo C. Song, Acting United States Attorney for the Western District of Pennsylvania, and Nelson P. Cohen, Assistant United States Attorney for said District, and submits this Information Memorandum to the Court:

### I. THE INFORMATION

A one-count Information was filed against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE SECTION |
|---|---|---|
| 1 | Conspiracy<br>From in and around January 2009, and continuing thereafter to on or about August 21, 2013 | 18 U.S.C. § 371 |

### II. ELEMENTS OF THE OFFENSE

**A.  As to Count 1:**

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit an offense against the United States, as charged in the indictment.

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its

objective to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve that objective; that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve a common goal or objective, to commit an offense against the United States; and

    4.    That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

### III. PENALTIES

**A.**    **As to Count 1: Conspiracy (18 U.S.C. § 371):**

    1.    <u>Corporations</u> - The maximum penalties for corporations are:

        (a)    A term of probation of 5 years (18 U.S.C. §3561(c) ;

        (b)    A fine of $500,000 (18 U.S.C. § 3571(c)(3));
Or an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d))

        (c)    A special assessment under 18 U.S.C. § 3013 of $400.00;

        (d)    Any or all of the above.

### IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $400.00 must be imposed at Count One upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

### V. RESTITUTION

Restitution must be ordered in this case as to Count One, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. **FORFEITURE**

Forfeiture is applicable and a forfeiture allegation is in the Information.

Respectfully submitted,

SOO C. SONG
Acting United States Attorney

By: _____
NELSON P. COHEN
Assistant U.S. Attorney
PA ID No. 19705